UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RULON V. RASMUSSEN, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> SAFEWAY, *et al*., <br><br> Defendants. | Case No. 20-cv-06947-SI <br><br> AND RELATED CASES: 20-6948, 20-6953, 20-6954, 20-6955 & 20-6960 <br><br> **ORDER GRANTING PLAINTIFFS' COMBINED EX PARTE APPLICATIONS TO STRIKE NOTICE OF REMOVAL AND REMANDING TO STATE COURT** <br><br> Re: Dkt. No. 25 |

On October 29, 2020, the Court held a hearing on plaintiffs' combined *ex parte* application to strike removal and remand, filed in this case and five related cases. For the reasons set forth below, the Court GRANTS the combined application and REMANDS these cases to state court. All other pending motions are DENIED AS MOOT.

**DISCUSSION**

Plaintiffs contend that the removing entities did not have the authority to remove the actions. The six cases at issue were removed from state court by Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim USA Corporation, GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services, Inc., and Sanofi-Aventis U.S. LLC, on the basis of diversity jurisdiction. These entities are not named as defendants in the complaints, although the complaints do mention these entities in the factual allegations. The notices of removal filed by these entities state that the "removing defendants" "were improperly and incorrectly named as Doe Defendants." *See e.g.*, Dkt. No. 1 in 20-6947.

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Here, the removing entities are not the named defendants. In addition, because Doe pleading is restricted to unknown potential defendants, the removing entities cannot be the Doe defendants. *See McClatchy v. Coblentz, Patch, Duffy & Bass, LLP*, 247 Cal.App.4th 368, 371 (2016) ("Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it."); Cal. Code Civ. Proc. § 474. As such, the Court concludes that removal was improper.

Accordingly, the Court GRANTS the combined *ex parte* application and REMANDS these six actions to the state courts from which they were removed. All other pending motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: November 2, 2020

SUSAN ILLSTON
United States District Judge

2